IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINA FOX<br>212 Yorktown Court<br>Malvern, PA 19355<br><br>        Plaintiff,<br><br>v.<br><br>SNP TRANSFORMATIONS, INC.<br>1205 Westlakes Drive, Ste 240<br>Berwyn, PA 19312<br>        and<br>SNP SCHNEIDER-NEUREITHER<br>& PARTNER SE<br>Dossenheimer Landstraße 100<br>69121 Heidelberg, Germany<br>        and<br>ANDREAS SCHNEIDER-NEUREITHER<br>1205 Westlakes Drive, Ste 240<br>Berwyn, PA 19312<br><br>        Defendants. | CIVIL ACTION<br><br>No.:_____<br><br><br><br>**JURY TRIAL DEMANDED** |

## **CIVIL ACTION COMPLAINT**

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.     **INTRODUCTION**

1.     Plaintiff has initiated this action to redress violations by Defendants of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e, *et. seq.*), 42 U.S.C. Section 1981 ("Section 1981") and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff was unlawfully terminated by Defendants due to her gender, her refusal to submit to sexual advances,

---

[1] A reference to claims under the PHRA is made *herein* only for notice purposes. Plaintiff's case was administratively closed with the EEOC and she has thus been required to timely initiate the instant lawsuit. However, she will seek leave to amend her complaint by adding identical claims (as alleged under Title VII) under the PHRA once such claims are fully administratively exhausted (both against Defendant entities and Andreas Schneider-Neureither personally).

and her opposition to unlawful employment practices as described more fully *herein*. Plaintiff also suffered damages more fully described/sought herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and in addition, Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants a resident of the Eastern District of Pennsylvania.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant SNP Transformations Inc. is a worldwide and publicly traded technology company, headquartered in Heidelberg Germany, with locations in Europe, the Americas and Asia.

8. Defendant SNP Transformations Inc. supports organizations in adapting their business models and using new technologies.

9. Defendant SNP Schneider-Neureither & Partner SE is Defendant SNP Transformation Inc.'s parent company.

10. Although Plaintiff was paid by Defendant SNP Transformation Inc., these companies comingled assets, management personnel, and overall operations; thus, these entities are properly construed as a joint, single and/or integrated employer under the Title VII/Section 1981 and the PHRA, as they operated as a single enterprise.

11. Defendant Andreas Schneider-Neureither is Defendants' Chairman of the Executive Board and Chief Executive Officer ("CEO"), and exercised control over the terms and conditions of Plaintiff's employment with Defendants.

12. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

13. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14. Plaintiff is a 46-year-old female.

15. Plaintiff interviewed for a position within Defendants in or about November of 2017 in Las Vegas, Nevada.

16. Plaintiff interviewed with Defendants' CEO, Individual Defendant Schneider-Neureither ("Schneider"), who ultimately approved her for hire for the position of "Executive Assistant."

3

17. At all relevant times, Plaintiff was asked to support David Kenneson (Defendants' Chief Revenue Office ("CRO")), although she continued to have significant interaction and dealings with Schneider.

18. While Plaintiff was physically based to work out of Defendants' Berwyn, Pennsylvania office, she often traveled for meetings, conferences and the like, including but not limited to Defendants' corporate headquarters in Germany.

19. Schneider became engaged in a sexual relationship with one Jillian Schrotberger (hereinafter "Schrotberger"). Schrotberger has a history of prostitution and welcomes short or long-term relations in exchange for continuing financial or other consideration.

20. Plaintiff became aware of this information from knowing Schrotberger prior to her hire with Defendants (and her informing Plaintiff of same).

21. Schrotberger's sexual relationship with Schneider predated her hire within Defendants and was the sole basis for Schrotberger's hire within Defendants.

22. Schrotberger was hired within Defendants in or about January of 2018, and her hire came as a surprise; it was announced she would be Schneider's Assistant in the United States (though they had been in a sexual relationship since in or about November of 2017).

23. Schneider engaged in the aforesaid extramarital affair, which was pervasive and included having Schrotberger travel to Germany for sexual relations in a hotel despite his wife and children residing nearby.

24. The significant background about Schneider's relationship with Schrotberger is outlined herein because, as discussed *infra*, Plaintiff is asserting gender discrimination, sexual harassment, and retaliation claims. But amongst the gender and sexual harassment claims, she is also seeking relief for "paramour preference" sexual harassment. Schneider so pervasively

4

referenced and used women sexually that it significantly interfered with the terms and conditions of Plaintiff's employment.

25. Once Schrotberger became more comfortable with the arrangements in her new position at Defendants and in her relationship with Schneider, <u>and when Plaintiff would not engage in Schrotberger's "banter"</u> about (i) how late Schneider would text Schrotberger in the middle of the might, (ii) how often Schneider wanted sexual pictures of Schrotberger, (iii) what hotels they were staying at together, (iii) or how Schrotberger wanted to avoid Schneider's wife/company scrutiny,[2] Schrotberger slowly stopped communicating with Plaintiff.

26. Schrotberger abused her position of trust as Schneider's Assistant, by for example, divulging employee personnel concerns that were only meant for Schneider (which Schneider did not forward to his lover for business reasons, but rather to mock employees), and demonstrated Schrotberger's clear perception that she was pulling strings behind the scenes, and involved in personnel matters with Schneider (which under normal circumstances should not have been her concern).

27. Schneider perpetuated and permeated the workplace and company culture with discrimination – not just sexually but racist remarks and offensive religious jokes and comments. By way of examples (in a non-exhaustive list with many specifics that will be provided during litigation):

- He bragged about sexual escapades with women employed by Defendants;
- He joked about the "fat secretary" in Dallas, Texas;
- He continually made offensive comments about women and suggested they were nothing more than sex objects;

---

[2] These are just mere examples for illustrative purposes.

5

- He referred to Schrotberger as "elasti-girl" in reference to their sexual relationship;

- He openly discussed that his Polish sales women were generally ugly but that he was trying to sleep with a prettier one (at the Polish Office);

- He would often caress Plaintiff's hair, pinch her cheeks, and attempt to generally put his hands on Plaintiff;

- He referred to Plaintiff as "hot," commented how she could dress in skin-tight clothing, and said she "had a nice ass;"

- He publicly joked and insinuated that Plaintiff had engaged in a sexual act with another woman;

- He made blatantly discriminatory comments about Jews, African Americans;

- Solely by way of example, he commented that the reason black people smell is so that blind people can hate them too; and

- Solely by way of example, he sang "we love Hitler" in reference to making fun of Jews.

28. Plaintiff objected to Schneider's discriminatory practices, as aforementioned, on multiple occasions, directly to Schneider, which complaints were either met with a snide remark or Plaintiff was literally ignored.

29. Plaintiff also complained to Defendants' management, however, it appeared to be the consensus that this man was openly inappropriate and made discriminatory remarks, and no one appeared interested in "rocking" the proverbial boat.

30. By May of 2018, Schrotberger was elevated to the position of Senior Advisor to the CEO. Schneider was – with the acquiescence and ratification of upper management – engaging in pay-to-play by hiring Schrotberger for a continued sexual relationship by funneling her payments and income through Defendants.

31. Schrotberger lacked any objective qualifications for her role, and in particular, to work as a "Senior Advisor" to the CEO. Her income, raises, travel benefits and other incentives were also grossly inflated. Lacking any relevant credentials, Schrotberger was being thrust upon areas of Plaintiff's work team in confidential, security-required and proprietary meetings.

32. In the same timeframe of May 2018, it was established ***conclusively*** that Plaintiff would be transitioning from her then role of Executive Assistant to "Sales Executive." To fast-track her transition, she: (a) participated in commercial discussions for business opportunities; (b) created a value calculator for Defendants' products; (c) met with product owners about Respondent's product offerings; (d) was assigned a particular client ("PG" for privacy purposes) and had direct communications with the client; (e) coordinated with the Sales Strategy Team; and (f) took numerous other steps anticipating her work as a Sales Executive.

33. ***It was also announced verbally and via e-mail that Plaintiff was being elevated to a Sales Executive.*** Via email dated June 28, 2018 (two weeks before Plaintiff's termination), the CRO conveyed to an entire team of employees that he was "pleased to announce" Plaintiff's transition to sales and as a "Global Account Manager" for a specified high-profile client.

34. On or about June 7, 2018, there was an event ("the Sapphire Conference") in Orlando, Florida, where Defendants had a booth for networking and sales purposes; Schenider had hired third party vendors ("entertainers") to stand in and around the booth to wear skin tight "space suits" for appeal and to attract people to the booth.

35. After the event, there was a concert where several of Defendants' employees were invited to attend, as well as some of the "entertainers" working the booth that day.

7

36. After the concert, one of the "entertainers" ("Jen") became so inebriated that Plaintiff volunteered to allow Jen to sleep in Plaintiff's room so that she did not drive home intoxicated or otherwise put herself in an unsafe situation.

37. On or about June 20, 2018, Plaintiff was at a team dinner with the CRO, Schneider and his wife, and another of Defendants' employees, at which time Schneider made it a point to make sexual jokes about Jen sleeping in Plaintiff's hotel room, suggesting Plaintiff had engaged in sexual acts with Jen, and that Plaintiff was interested in women.

38. Plaintiff was absolutely humiliated, but to make matters worse, Schneider closed the "joke" out by saying that maybe Jen too could be an Account Executive for Defendants, and Plaintiff could be an Account Executive doing sales with Jen (and winked) as if being in skin tight closing and having sex with another woman is the way to obtain a legitimate position within Defendants.

39. Plaintiff expressed very clearly to Schneider at the table that she did not think it was funny, that it wasn't appropriate – but offensive -- and the conversation stopped abruptly; in fact, Plaintiff got up and left.

40. On or about July 12, 2018, Plaintiff was terminated under the pretext that since she was the Executive Assistant assigned to work with Kenneson (who had offered his resignation (and was separating), her job had come to an end.

41. Plaintiff's termination, however was completely pretextual and false for many reasons, but 2 stand out in particular: (1) she traveled and worked globally for Defendants, and there were many Executive Assistant (or related) roles she could have worked within in any state or geography (had this been her actual *intended* role); and (2) she was not even to remain as an

Executive Assistant as she had **already** transitioned to a Sales Executive already (as discussed *supra*), she was announced as a Global Account Manager for a multi-billion dollar client.

42. The outside Sales Executives in the United Sates are only male, and Plaintiff would have been the first female in such a role.

43. Plaintiff was point-blank told by Felicia Summerville ("Summerville"), Senior Director of Human Resources for Defendants, that per Schneider she was not going to be considered for a Sales Executive. Interviews though were being conducted *in the same week in which Plaintiff was terminated* for a Sales Executive role, and advertisements for such a role were disseminated nationwide.

44. Interestingly, a prior male assistant to Schneider (with a similar skillset as Plaintiff) was promoted to a sales position – but Schneider obviously did not feel he was willing to do so for a female Assistant like Plaintiff (despite the accolades obtained by and performance exhibited by Plaintiff in her role at the company).

45. Plaintiff was terminated from Defendants for refusing sexual advances, for objecting to the sexual advances, due to paramour preference, and overall objections to Schneider's discriminatory comments/behavior.

### Count I
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### Against Defendant Corporate Entities Only
### ([1] Sexual Harassment; [2] Retaliation; and [3] Hostile Work Environment)

46. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

47. Plaintiff has properly exhausted her administrative remedies to proceed under Title VII herein by timely filing a Charge with the Equal Employment Opportunity Commission

("EEOC") and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter and/or notice of case closure.

48. Plaintiff was subjected to a hostile work environment based upon her sex and due to her complaints of sexual harassment, and Plaintiff was terminated from Defendants based upon her complaints of sexual harassment and for refusing sexual advances.

49. Plaintiff was also the subject of retaliation for complaining of race, national origin and religious based discrimination exhibited by Defendant Schneider as aforementioned.

50. These actions as aforesaid constitute violations of Title VII.

## Count II
## Violations of 42 U.S.C. Section 1981
### Against all Defendants
### (Hostile Work Environment; Wrongful Termination: Retaliation)

51. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

52. Plaintiff participated in protected activity under Section 1981 by opposing race discrimination on several occasions to one of the most senior managers within Defendants – yet he openly participated in and condoned same.

53. Plaintiff believes and avers herein that her opposition to Defendants' unlawful employment practices was also a determinative factor in her termination.

54. These actions as aforesaid constitute violations of Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for

Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits.

C. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by Defendant's actions;

D. Plaintiff is to be awarded punitive damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

E. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

F. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf
3331 Street Road
Two Greenwood Square
Bldg. 2, Ste. 231
Bensalem, PA 19020

Date: September 17, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Regina Fox | : | CIVIL ACTION |
| v. | : | |
| SNP Transformations, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 9/17/2018 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 212 Yorktown Court, Malvern, PA 19355

Address of Defendant: 1205 Westlakes Drive, Suite 240, Berwyn, PA 19312

Place of Accident, Incident or Transaction: Defendant's place of business

---

***RELATED CASE, IF ANY:***

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case   ☐ is / ☒ is not   related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/17/2018        *[signature]*        ARK2484 / 91538
                *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 9/17/2018        *[signature]*        ARK2484 / 91538
                *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
FOX, REGINA

**(b)** County of Residence of First Listed Plaintiff: Chester
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS
SNP TRANSFORMATIONS, INC., ET AL.

County of Residence of First Listed Defendant: Chester
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | **PERSONAL PROPERTY** | | | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | | ☐ 862 Black Lung (923) | |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting / **Habeas Corpus:** ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | [X] 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | | | |
| ☐ 245 Tort Product Liability | ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000e); 42USC Section 1981

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 9/17/2018
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

[Print]  [Save As...]  [Reset]